UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 13-12528

ATLANTIC CASUALTY INSURANCE COMPANY,
Plaintiff,

v.

RED BRICK COURTYARD, LLC
SELIM LAHOUD
GERARD SAULNIER,
Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

<u>Parties, Jurisdiction and Venue</u>

1.     Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") is an insurance company licensed to do business in the State of North Carolina.

2.     Defendant Red Brick Courtyard, LLC ("Red Brick") is a Massachusetts registered domestic limited liability company with a principle place of business at 70 Winter Street, Worcester, Massachusetts.

3.     Defendant Selim Lahoud ("Lahoud") is an individual residing at 70 Winter Street, Worcester, Massachusetts.

4.     Defendant Gerard Saulnier ("Saulnier") is an individual residing at 72 Lockwood Road, Worcester, Massachusetts.

5.     The United States District Court for the District of Massachusetts may exercise jurisdiction over the subject matter of this case pursuant to the provisions of 28 U.S.C. §2201 and 28 U.S.C. §1332, because there is an actual controversy between citizens of different states concerning the availability of insurance coverage the limits of which exceed the sum of $75,000.

6.     The venue is proper in the United States District Court for the District of Massachusetts because, pursuant to 28 U.S.C § 1391, a substantial part of the events giving rise to the issues in dispute occurred in this judicial district, and because the District Court has personal jurisdiction over the parties as a result of their substantial contacts with the forum state.

<u>Facts Common to All Counts</u>

7.     Gerald Saulnier has filed a lawsuit in the Worcester Superior Court naming Red Brick Courtyard and Selim Lahoud as defendants.   This lawsuit was assigned docket number WOCV2013-00104B.  This lawsuit is hereinafter referred to as the "negligence lawsuit".  A copy of the Complaint in the negligence lawsuit is attached as Exhibit 1.

8.     In the negligence lawsuit, Saulnier alleged that Red Brick Courtyard was the owner of the property located at 70 Winter Street, Worcester, Massachusetts.

9.     Red Brick Courtyard is, in fact, the owner of the property located at 70 Winter Street, Street, Worcester, Massachusetts

10.    In the negligence lawsuit, Saulnier alleged that Selim Lahoud is the manager of Red Brick Courtyard, LLC, and also the manager of the property at 70 Winter Street, Worcester, Massachusetts.

11.    Selim Lahoud is, in fact, the manager of Red Brick Courtyard, LLC, and also the manager of the property at 70 Winter Street, Worcester, Massachusetts.

12.     Selim Lahoud contracted with Gerard Saulnier to perform certain property improvements at 70 Winter Street, Worcester, Massachusetts.

13.     In the negligence lawsuit, Gerard Saulnier alleges that he was injured on March 13, 2012, while performing work at 70 Winter Street, Worcester, Massachusetts.

14.     In the negligence lawsuit, Gerard Saulnier alleges that his injuries were caused by the negligence of Red Brick Courtyard, or Selim Lahoud, or both.

15.     In the negligence lawsuit, Gerard Saulnier has submitted a "Civil Action Cover Sheet" which includes a statement of damages signed by Gerard Saulnier's attorney.

16.     The statement of damages indicates that Gerard Saulnier has sustained medical bills and expenses in excess of $75,000 as a result of the accident at 70 Winter Street, Worcester, Massachusetts.

17.     Atlantic Casualty issued a policy of liability insurance to "Red Brick Courtyard LLC c/o Selim Lahoud 70 Winter Street Worcester".  This policy is hereinafter referred to as the Atlantic Casualty policy.  A true and accurate copy of the Atlantic Casualty policy is attached hereto as Exhibit 2.

18.     The Atlantic Casualty policy was in full force and effect on March 13, 2012.

19.     The Atlantic Casualty policy provided, among other things, general liability insurance coverage to Red Brick Courtyard LLC and Selim Lahoud, subject to the declarations, terms, conditions, exclusions and limitations contained in the policy.

        Count 1 – Declaratory Judgment vs. Red Brick Courtyard LLC and Selim Lahoud

20.     Atlantic Casualty re-alleges and incorporates herein all previous paragraphs as if fully set forth herein.

21.     The Atlantic Casualty policy excludes coverage for (among other things) bodily injury to any "contractor" for which any insured may become liable in any capacity.

22.     The Atlantic Casualty policy defines the word "contractor" as:

> Any independent contractor or subcontractor of any insured, any general contractor , any independent contractor or subcontractor of any developer, any independent contractor or subcontractor of any property owner, and any and all persons working for and or providing services and or materials of any kind for these persons or entities mentioned herein.

23.     Gerald Saulnier was a "contractor" within the meaning of the Atlantic Casualty policy.

24.     The Atlantic Casualty policy excludes coverage for Gerald Saulnier's claim for bodily injury.

25.     Atlantic Casualty has no duty to defend or indemnify Red Brick Courtyard LLC and/or Selim Lahoud the negligence lawsuit.

26.     An actual controversy exists between Atlantic Casualty on the one hand, and Red Brick Courtyard LLC and Selim Lahoud on the other hand, as to whether Atlantic Casualty has any obligations to defend and/or indemnify Red Brick Courtyard LLC and Selim Lahoud for or against any claims asserted in the underlying action.

<u>Count 2- Action to Recoup Defense Costs</u>

27.     Atlantic Casualty re-alleges and incorporates herein all previous paragraphs as if fully set forth herein.

28.     Atlantic Casualty has defended Red Brick Courtyard LLC and Selim Lahoud in the underlying action pursuant to a reservation of rights.

29.     The Atlantic Casualty policy contains a "Limitation – Duty to Defend" provision which states that Atlantic Casualty is "entitled to all rights of reimbursement from you or any insured or indemnitee for sums paid under this policy if it is determined that there is no coverage under therms, conditions, or exclusions of this policy."

30.     If this Court rules that there is no coverage for the losses alleged by Gerard Saulnier in the negligence action, Atlantic Casualty is entitled to recoup from Red Brick Courtyard LLC and/or Selim Lahoud all monies paid out by Atlantic Casualty, including but not limited to, all costs of defense of the negligence action.

<u>Count 3 – Declaratory Judgment vs. Gerard Saulnier</u>

31.     Atlantic Casualty re-alleges and incorporates herein all previous paragraphs as if fully set forth herein.

32.     Gerard Saulnier is the plaintiff in the negligence lawsuit.

33.     Atlantic Casualty may not be able to conclusively establish its rights and duties to its insureds (or the lack thereof) unless Gerard Saulnier is a party to (and is bound by) this action. (See Lumbermens Mutual Cas. Co. v. Belleville Ind., 407 Mass. 675, 555 N.E.2d 569 (1990).)

34.     Atlantic Casualty is entitled to a declaratory judgment stating that Gerard Saulnier has no rights against Atlantic Casualty, and that Atlantic Casualty has no obligations to Gerard Saulnier.

JURY TRIAL DEMAND

Atlantic Casualty demands a trial by jury as to all issues so triable.

PRAYERS FOR RELIEF

WHEREFORE, Atlantic Casualty requests that this Court:

a.      Enter judgment declaring that Atlantic Casualty has no duty to defend or indemnify Red Brick Courtyard LLC and/or Selim Lahoud, for the damages alleged by Gerard Saulnier in the negligence lawsuit;

b.      Enter a judgment awarding money damages to Atlantic Casualty pursuant to Count 2 of

this Complaint;

c.      Enter a judgment declaring that Gerard Saulnier is bound by the declarations issued by

the Court in this case; and

d.      Grant such other and further relief as the Court deems appropriate.


ATLANTIC CASUALTY INSURANCE
COMPANY,
By its attorneys,


/s/ Lawrence M. Slotnick
_____
Lawrence M. Slotnick, Esq.
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500
BBO #549734
lslotnick@morrisonmahoney.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Slotnick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Richard Rafferty, Esq.  BBO#: 551944    Red Brick Courtyard, LLC
Eden, Rafferty, Tetreau & Erlich       70 Winter Street
238 Shrewsbury Street                  Worcester, MA  01604
Worcester, MA  01604
508-795-1601
For Gerard Saulnier


Selim Lahoud
70 Winter Street
Worcester, MA  01604


/s/ Lawrence M. Slotnick

Lawrence M. Slotnick, Esq.

Dated:  _October 8, 2013_


MM #:10042427